IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Waters at Magnolia Bay, LP,<br>    Plaintiff,<br> v.<br><br>Vaughn & Melton Consulting Engineers, Inc.,<br>    Defendant<br><br>Vaughn & Melton Consulting Engineers, Inc.,<br>    Third-Party Plaintiff,<br> v.<br><br>Sherman Construction Co., Inc. and Gulf Stream Construction Company, Inc.,<br>    Third-Party Defendants. | Civil Action No. 2:20-cv-2546-RMG<br><br><br>**ORDER AND OPINION** |

This matter is before the Court on Defendant Vaughn & Melton Consulting Engineers, Inc.'s motion to compel discovery (Dkt. No. 42). For the reasons set forth below, the Court denies in part and denies without prejudice in part the motion.

**Background**

On November 9, 2020, Defendant served Plaintiff Waters at Magnolia Bay, LP with various discovery requests. (Dkt. No. 42 at 3). Included therein was Defendant's First Set of Requests for Production ("RFP"). RFP No. 9 asks for "[a]ny communications between you and any other person or entity (including without limitation [Defendant]) regarding the facts and circumstances giving rise to the allegations in the pleadings in this litigation." (*Id.* at 2-3); (Dkt. No. 42-2 at 15). The RFP included specific instructions regarding the production of electronically stored information ("ESI"). *See* (Dkt. No. 42-2 at 7) (requiring, *inter alia*, the production of metadata). "Waters at Magnolia Bay, L.P." was defined to include "all present or former agents, employees, representatives, and all other persons acting on behalf of Plaintiff." (*Id.* at 5).

On March 11, 2021, Defendant filed the instant motion to compel. (Dkt. No. 42). Therein,

1

Defendant argues that while Plaintiff produced documents responsive to RFP No. 9 on January 21 and 22 and March 5, 2021, said responses lacked the requested ESI. (*Id.* at 4). Defendant also argues that Plaintiff failed to produce documents between itself and Armada Development, LLC ("Armada"), an entity with which Plaintiff contracted for development of the construction project around which centers this litigation. *See* (*id.* at 5); (Dkt. No. 42-6 at 1) (correspondence from Defendant to Plaintiff noting that Plaintiff's initial production did not include emails and noting Defendant "expected to see emails from Armada and others regarding this project since it appears Waters at Magnolia Bay, L.P. is a single-purpose entity and the 'Owner' during construction was the joint venture led by Armada"). Defendant thus seeks an order directing Plaintiff to produce all responsive documents accompanied by all appropriate ESI. (Dkt. No. 42 at 8). Defendant also requests reasonable expenses including attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5).

On March 18, 2021, Plaintiff filed its opposition. (Dkt. No. 45). Therein Plaintiff admits its initial production was deficient. (*Id.* at 1). Plaintiff argues, however, that because it "is voluntarily reproducing the documents and metadata in the desired formats . . . the motion is now moot." (*Id.* at 1-3). Plaintiff further argues that the circumstances here do not warrant an award of attorney's fees or expenses. *See* (*id.* at 6) ("This is a routine discovery issue in which one party seeks additional metadata regarding a prior document production, and the producing party later supplements it voluntarily. An award of fees in relation to this motion is not warranted given the circumstances."); (*Id.* at 4 n.1) (noting that "undersigned counsel represents to the court that for weeks at a time during January or February both of undersigned counsel for Plaintiff were quarantined at home with their small children due to the coronavirus").

On March 25, 2021, Defendant filed a reply. (Dkt. No. 46). Therein Defendant admits that, prior to the filing of its reply, Plaintiff had begun to produce responsive documents accompanied

by appropriate ESI. (*Id.* at 1-2).  Nevertheless, Defendant argues that its motion is not moot. Defendant points to a "significant deficiency" which allegedly became evident during a review of Plaintiff's revised production.  The deficiency regards a supposed refusal on Plaintiff's part to produce the correspondence of Al Jones and Andy Spraker—two individuals Plaintiff had previously identified as its "representatives." *See* Plaintiff's Responses to Defendant's First Set of Interrogatories, (Dkt. No. 42-3 at 16) (indicating that Al Jones, Michael Nguyen, and Andy Spraker are "[r]epresentatives . . . of Waters at Magnolia Bay, LP").  Defendant explains:

> In Plaintiff's January 7, 2021 responses to Vaughn & Melton's interrogatories, it identified Al Jones, Michael Nguyen, and Andy Spraker as "[r]epresentatives and past and current employees of Waters at Magnolia Bay, LP," who could be contacted through Waters' counsel and who "will testify [inter alia] regarding all aspects of the property that is the subject of this litigation [and] the lack of a basis for opposing parties to recover from Waters. . ." Vaughn & Melton . . . defined "you" for purposes of the requests for production to include "Plaintiff Waters at Magnolia Bay, LP, as well as all present or former agents, employees, representatives, and all other persons acting on behalf of Plaintiff, now or in the past." Waters did not object to this request.
>
> [A]t no time prior to Tuesday, March 23, 2021, did Waters indicate that it would not produce correspondence for Mr. Jones and Mr. Spraker, two of the three witnesses it identified as providing testimony on its behalf, and the two individuals most intimately involved with the Project . . . .
>
> The issue only came to light as part of the ongoing conversations relating to the scope of Waters' anticipated production of documents; counsel for Vaughn & Melton provided as an exemplar of deficiencies in Waters' production an email from Mr. Spraker to Vaughn & Melton on which Mr. Jones was copied. In response to the email from counsel for Vaughn & Melton, counsel for Waters stated "in referring to the attached email you sent last night, I see it is an email between V&M and Armada personnel, and nobody from Atlantic Housing Foundation[1] was copied. Please note that while Armada was retained by our client to provide construction management services, we do not control or possess their email servers." Thus, more than two months after it identified Mr. Spraker and Mr. Jones as its representatives, Waters has now begun taking the position that it has no obligation to produce their correspondence because those gentlemen are representatives of a separate entity that Waters separately contracted with for

---

[1] Atlantic Housing Foundation, Inc. is the owner of Plaintiff Waters at Magnolia, LP. (Dkt. No. 48-1 at 2 n.2).

construction management services.

(*Id.* at 2-3) (internal citations omitted). In light of the above, Defendant argues Plaintiff's response to Defendants' First Set of Interrogatories was "false and misleading in not identifying Armada and Mr. Jones and Mr. Spraker as Armada's representatives, or its document production is now deficient because it does not include their emails." (Dkt. No. 46 at 4).

On April 2, 2021, with leave of the Court, (Dkt. No. 49), Plaintiff filed a sur reply, (Dkt. No. 48). Therein, Plaintiff reiterates that Defendant's motion is moot because Plaintiff has "completed its rolling production of the ESI and metadata Vaughn & Melton was seeking and in the desired file formats." (Dkt. No. 48-1 at 1). As it regards Armada, Plaintiff explains that it "retained the services of Armada . . . to provide development and construction management services for the subject project" and that pursuant "to this agreement, Armada acted as an owner's representative." (*Id.* at 2). Plaintiff continues that "Al Jones and Andy Spraker were Armada personnel on this project" and that, in an effort to "facilitate discovery," Plaintiff voluntarily requested that Jones and Spraker provide "Plaintiff's counsel with their project documents and emails relating to this dispute." (*Id.*) (adding that Plaintiff produced the documents obtained by these means to Defendant in January 2021). Plaintiff then notes that if Defendant "believes there is some category of documents or emails in Armada's possession that have not been produced in this case, they are welcome to identify those to Plaintiff, and Plaintiff is agreeable to consult with Mr. Jones and Mr. Spraker in that regard." (*Id.* at 2-3). Plaintiff concludes by noting that Defendant's reply is "not clear on what, if anything, [Defendant] is requesting from Plaintiff with regard to Armada's emails." (*Id.* at 3) (arguing that "[i]f . . [Defendant] is seeking to have Plaintiff take control of Armada's email servers in order to search through and produce emails and ESI therefrom in the same manner Plaintiff produced its own emails and ESI, Plaintiff simply cannot

4

do so as it cannot compel a third-party to deliver its electronic repositories in that manner").

Defendant's motion is fully briefed and ripe for disposition.

## Legal Standard

Pursuant to Fed. R. Civ. P. 37, a party seeking discovery may move for an order compelling an answer, designation, production, or inspection if, inter alia, the party to whom the discovery was directed failed to produce documents or to permit inspection, or respond that inspection will be permitted as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

## Analysis

The Court denies Defendant's motion as it regards RFP No. 9. As made clear above, while initially deficient, Plaintiff has corrected its production and produced to Defendant all requested documents accompanied by appropriate ESI. Defendant does not substantively contest this fact. *See generally* (Dkt. No. 46). Defendant's motion to compel as to RFP No. 9 is therefore denied as moot.

As it regards Defendant's contentions surrounding documents related to Armada, Jones, and Spraker, the Court denies Defendant's motion without prejudice. On the one hand, Defendant's reply raises concerns regarding Plaintiff's possible refusal to produce the correspondence of Spraker and Jones—individuals which Plaintiff previously indicated were its *own* representatives, but which Plaintiff now argues were employed by a third-party. *See* (Dkt. No. 42-2 at 5) (defining "Waters at Magnolia Bay, L.P." to include, *inter alia*, all present or former "representatives"); (Dkt. No. 42-3 at 16, 21) (indicating that Jones and Spraker are "[r]epresentatives [or] past [or] current employees of Waters at Magnolia Bay, LP"). On the other

5

hand, Defendant currently seeks no specific relief from the Court as to the above and admits it did not meet and confer with Plaintiff regarding these issues. *See* (Dkt. No. 46 at 4 n.2); South Carolina Local Civil Rule 7.02.  Further, Defendant's reply implies that the entire issue may soon become moot as Defendant is subpoenaing the documents in question. (*Id.* at 4) ("[H]ad counsel given any indication . . . that it would not produce those gentlemen's emails, [Defendant] would have sent subpoenas to Armada, Mr. Jones, and Mr. Spraker *as it is now being forced to do so*.") (emphasis added).  Given the above, the Court orders the parties to meet and confer in good faith as to the above points. To the extent issues remain after the parties meet and confer, Defendant may file a new motion for the Court's consideration.

Lastly, the Court denies Defendant's request for attorney's fees and expenses. Under Rule 37(a)(5), if "the disclosure or requested discovery is provided after the motion was filed . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct" fees unless it finds the motion premature, the nondisclosure "substantially justified," or an award of expenses otherwise "unjust." Here, the Court finds that an award of expenses would be unjust.  At bottom, Defendant's motion does not concern a wholesale failure on Plaintiff's part to produce responsive documents.  Instead, it concerns a mistake on Plaintiff's part which has now been—albeit belatedly—corrected. *See also* (Dkt. No. 42-7 at 4 n.1) (noting, for example, that "both of undersigned counsel for Plaintiff . . . for weeks at a time during January or February . . . were quarantined at home with their small children due to the coronavirus"). In sum, while Plaintiff's oversight was unfortunate, the Court does not find that Plaintiff's conduct evidenced a deliberate effort to delay or otherwise hamper Defendant's prosecution of its case.

**Conclusion**

For the reasons stated above, the Court **DENIES IN PART AND DENIES WITHOUT PREJUDICE IN PART** Defendant's motion to compel discovery. (Dkt. No. 42).  As it concerns RFP No. 9 and Defendant's request for expenses including reasonable attorney's fees, Defendant's motion is **DENIED**.  As it concerns the issues Defendant raises in its reply regarding Armada, Mr. Jones, and Mr. Spraker, Defendant's motion is **DENIED WITHOUT PREJUDICE.**  The Court **ORDERS** the parties to meet and confer in good faith on these specific points. Within fourteen (14) days of this order, to the extent that unresolved issues remain between the parties, Defendant may file a motion for the Court's consideration.

    **AND IT IS SO ORDERED.**

                                                                  s/ Richard Mark Gergel
                                                                  United States District Judge

April 21, 2021
Charleston, South Carolina