IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Waters at Magnolia Bay, LP,<br>     Plaintiff,<br> v.<br><br>Vaughn & Melton Consulting Engineers, Inc.,<br>     Defendant<br><br>Vaughn & Melton Consulting Engineers, Inc.,<br>     Third-Party Plaintiff,<br> v.<br><br>Sherman Construction Co., Inc. and Gulf<br>Stream Construction Company, Inc.,<br>     Third-Party Defendants. | Civil Action No. 2:20-cv-2546-RMG<br><br><br>**ORDER AND OPINION** |

Before the Court is Defendant Vaughn & Melton Consulting Engineers, Inc.'s ("Vaughn & Melton") motion to amend answer, affirmative defenses, and counterclaims and third-party complaint. (Dkt. Nos. 59, 60). For the reasons set forth below, the Court grants Vaughn & Melton's motion.

**I. Background**

On November 9, 2020, Vaughn & Melton served discovery requests on Plaintiff. (Dkt. No. 60 at 2). Plaintiff requested an extension to respond to Vaughn & Melton's discovery requests through January 7, 2021, roughly seven days prior to the deadline for adding additional parties or amending the pleadings. (*Id.*). On January 7, 2021, Plaintiff provided written discovery responses to Vaughn & Melton but produced no documents. (*Id.*). When Plaintiff began producing documents to Vaughn & Melton on January 21 and 22, 2021, Vaughn & Melton believed the productions were deficient. As a result of said deficiencies, Vaughn & Melton filed a motion to compel. (Dkt. No. 42). In response to Vaughn & Melton's motion, Plaintiff admitted its initial production was deficient, began voluntarily reproducing the requested documents in an appropriate

-1-

format and with appropriate metadata, and requested that Vaughn & Melton's motion be denied as moot. *See* Order and Opinion, (Dkt. No. 53 at 2) (April 21, 2021) (denying in part and denying without prejudice in part Vaughn & Melton's motion to compel, noting that "[o]n March 18, 2021, Plaintiff filed its opposition. Therein Plaintiff admits its initial production was deficient. Plaintiff argues, however, that because it 'is voluntarily reproducing the documents and metadata in the desired formats . . . the motion is now moot.'").

On June 21, 2021, Vaughn & Melton moved to amend its pleadings to: (1) add statute of limitations and limitations of liability affirmative defenses against Plaintiff's claims; (2) add counterclaims against Plaintiff for breach of contract accompanied by a fraudulent act, violation of the South Carolina Unfair Trade Practices Act, negligent misrepresentation, and fraud; (3) add Atlantic Housing Foundation, Inc. and Armada Development, LLC as additional third-party defendants and bring various claims against said entities; and (4) conform its pleadings to the evidence and information obtained thus far in discovery. (Dkt. Nos. 59, 60).  Plaintiff opposes. (Dkt. No. 66).  Vaughn & Melton filed a reply. (Dkt. No. 77).

Vaughn & Melton's motion is fully briefed and ripe for disposition.

## II.    Legal Standards/Discussion

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, after the time has passed to amend a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 15(a) is a "liberal rule [that] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). However, "[m]otions to amend are committed to the discretion of the trial court." *Keller v. Prince George's Cty.*, 923 F.2d 30, 33 (4th Cir. 1991). In exercising its discretion, a district court should center its attention "'on prejudice or futility or bad faith as the

only legitimate concerns in denying leave to amend, since only these [factors] truly relate to protection of the judicial system or other litigants.'" *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir.1987). Delay alone is insufficient to deny leave to amend. *Id.*

When seeking to amend a pleading after the expiration of the deadline in a scheduling order, a party must show "good cause" for the amendment under Fed. R. Civ. P. 16(b). *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997). "A scheduling order is not set in stone, 'but may be relaxed for good cause, extraordinary circumstances, or in the interest of justice.'" *George v. Duke Energy Ret. Cash Balance Plan*, 560 F. Supp. 2d 444, 479 (D.S.C. 2008) (quoting *Barwick v. Celotex Corp.*, 736 F.2d 946, 954 (4th Cir. 1984)). "'Good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Id.* "The Fourth Circuit has noted that a finding of 'good cause' was justified under Rule 16(b) where *some* of the evidence needed by the Plaintiff to prove his or her claim did not surface until after the amendment deadline." *Id.* (citing *In re Lone Star Indus., Inc. Concrete R.R. Ties Litigation*, 19 F.3d 1429, 1994 WL 118475, at *11 (4th Cir. April 7, 1994) (unpublished)). If a party meets Rule 16(b)'s "good cause" standard, then the Court must also inquire as to whether the amendments meet Rule 15(a)'s requirements. *Id.*

The Court finds that Vaughn & Melton has established good cause for its amendments. In support of its proposed amendments, Vaughn & Melton cites to documents obtained during discovery which appear to support the proposed amendments. (Dkt. No. 60 at 8-15). As it pertains to Vaughn & Melton's proposed claims against Atlantic Housing Foundation, Inc. and Armada Development, LLC, Plaintiff opposes the addition of these claims in only a general fashion, *see* (Dkt. No. 66 at 5-6) (stating that Vaughn & Melton "has been aware of [Atlantic Housing Foundation, Inc.] and Armada's involvement with Plaintiff as well as timing of the project at issue

in the cases for months, if not years"), and fails to substantively challenge Vaughn & Mellon's assertion that a good faith basis only arose to bring the above noted claims because of information obtained during discovery. (Dkt. No. 60 at 9-12).[1] Plaintiff's objections to Vaughn & Melton's proposed statute of limitations defense is equally unavailing, (Dkt. No. 66 at 6), especially given Plaintiff's initial document production in this litigation was both untimely and deficient. *See* (*id.* at 2, 9) (admitting Plaintiff's initial production was untimely and deficient, but nevertheless arguing that because the "email Vaughn & Melton relies on . . . was produced on March 5, 2021" good cause is not established); *Stewart v. Coyne Textile Servs.*, 212 F.R.D. 494, 497 (S.D.W. Va. 2003) (finding the plaintiff "satisfied the good cause standard of Rule 16(b)" and noting a contrary ruling would "allow Defendants to benefit by their discovery violations by placing the onus on Plaintiff to seek amendment of her claims before Defendants have supplied their responses"); *In re Lone Star Indus., Inc. Concrete R.R. Cross Ties Litig.*, 19 F.3d 1429 (noting that when even "*some*" of the evidence supporting an amendment does not surface until after the amendment deadline, that "alone justifies a finding of good cause under Rule 16(b)").

Further, the Court finds amendment would not be prejudicial to Plaintiff or cause undue delay. *See* Fed. R. Civ. P. 15(a). Contrary to Plaintiff's assertions otherwise, (Dkt. No. 66 at 6-7), this action has been pending only a year and, as Vaughn & Melton notes and as Plaintiff does not seriously dispute, the "only discovery the parties have engaged in thus far are initial written discovery requests" and no depositions have been taken. (Dkt. No. 60 at 15); (Dkt. No. 66 at 6)

---

[1] Vaughn & Melton argues, and Plaintiff does not seem to dispute, that Plaintiff may have "misrepresented the status of Atlantic Housing Foundation and Armada Development in its discovery responses," thus necessitating to some degree Vaughn & Melton's current amendments. (Dkt. No. 60 at 9-11); Order and Opinion, (Dkt. No. 53 at 5) ("Defendant's reply raises concerns regarding Plaintiff's possible refusal to produce the correspondence of Spraker and Jones— individuals which Plaintiff previously indicated were its *own* representatives, but which Plaintiff now argues were employed by a third-party.") (internal citations omitted).

-5-

(stating in a conclusory fashion that Vaughn & Melton's proposed amendments would "change discovery [and] the trajectory of the litigation" but providing no details as to how this would be so); (*Id.* at 3 n. 1) (admitting that Plaintiff was still producing relevant documents to Vaughn & Melton as late as June 28, 2021).

### III.     Conclusion

For the foregoing reasons, Vaughn & Melton's motion to amend, (Dkt. Nos. 59, 60), is **GRANTED**.  Within ten (10) days of this Order Vaughn & Melton is directed to file on the docket its amended pleadings.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 19, 2021
Charleston, South Carolina