IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Waters at Magnolia Bay, LP,<br>    Plaintiff,<br> v.<br><br>Vaughn & Melton Consulting Engineers, Inc.,<br>    Defendant<br><br>Vaughn & Melton Consulting Engineers, Inc.,<br>    Third-Party Plaintiff,<br> v.<br><br>Armada Development, LLC, Sherman Construction Co., Inc. and Gulf Stream Construction Company, Inc.,<br>    Third-Party Defendants.<br>and<br><br>Atlantic Housing Foundation, Inc.,<br>    Additional Counterclaim Defendant. | Civil Action No. 2:20-cv-2546-RMG<br><br>**ORDER AND OPINION** |

  Before the Court is Defendant/Third-Party Plaintiff Vaughn & Melton Consulting Engineers, Inc. ("V&M")'s motion to dismiss Atlantic Housing Foundation, Inc.'s amended counterclaim. (Dkt. No. 110). For the reasons set forth below, the Court grants V&M's motion.

**I. Background**

  This matter involves the design and construction of a multi-family housing project in Summerville, South Carolina known as the Waters at Magnolia Bay (the "Project"). The Plaintiff in this action, Waters at Magnolia Bay, LP ("Owner"), allegedly developed and owns the Project. Defendant/Third-Party Plaintiff V&M allegedly served as the engineer for the Project. Counterclaim Defendant Atlantic Housing Foundation, Inc. ("AHF") is allegedly Owner's general partner.

-1-

Vaughn brings various counterclaims against AHF including: (1) amalgamation; (2) civil conspiracy; (3) breach of contract; (4) quantum meruit; (5) breach of contract accompanied by a fraudulent act; (6) violation of South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10, *et seq.* ("SCUTPA"); (7) fraud; and (8) negligent misrepresentation. (Dkt. No. 75).

For its part, AHF brings one counterclaim against V&M for violation of SCUTPA. (Dkt. No. 102).

V&M now moves to dismiss AHF's single counterclaim against it. (Dkt. No. 110). AHF filed a response in opposition, (Dkt. No. 120), to which V&M filed a reply, (Dkt. No. 121).

V&M's motion is fully briefed and ripe for disposition.

**II.    Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." A claim survives the motion if the complaint provides enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This is a test of the legal sufficiency of the complaint and, therefore, Rule 12(b)(6) "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Instead, the district court's "inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. (internal quotation marks and citation omitted). For that analysis, the district court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"; however, it must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### III. Discussion

In its amended counterclaim, AHF alleges that it is Owner's general partner. AHF alleges that Owner contracted with V&M to provide site and civil design and engineering services for the Project. AHF alleges V&M failed to properly perform under its contract with Owner by providing Owner deficient and negligent design and engineering services. AHF alleges that Owner notified V&M about these deficiencies but that instead of correcting these errors at its own expense, which V&M "under the plain language of the Contract" should have done, V&M "willfully disguised such costs and expenses" and requested that Owner "pay for these costs and expenses." AHF claims that this "disguising [of] costs" was "unfair and deceptive." AHF also alleges that V&M engaged a billing collector to collect unpaid invoices against AHF and that the bill collector "harassed" AHF's employees, resulting in AHF spending "a significant amount of time investigating and responding to the billing collector's allegations." AHF alleges it suffered ascertainable losses in the form of "the expenses and loss of productivity incurred as a result of [V&M]'s efforts to receive payment for its deceptive invoices." (Dkt. No. 102 ¶¶ 48, 54, 55, 56, 58, 67, 69).

To state a SCUTPA claim, a plaintiff must sufficiently allege "(1) that the defendant engaged in an unlawful trade practice, (2) that the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice, and (3) that the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest." *Ameristone Tile, LLC v. Ceramic Consulting Corp., Inc.*, 966 F. Supp. 2d 604, 621 (D.S.C. 2013). Under South Carolina law, "unfair or deceptive acts have an adverse impact upon the [public] if those acts have the potential for repetition." *Id.* "Potential for repetition can be demonstrated by either 'showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence' or 'showing the company's procedures created a potential for repetition of the

unfair and deceptive acts.'" *Id.* (citing *Bessinger v. Food Lion, Inc.*, 305 F.Supp.2d 574, 581 (D.S.C. 2003)). Conduct, however, "'that affects only the parties to the transaction and not the public interest provides no basis for a SCUTPA claim.'" *Id.*

V&M advances various arguments for why AHF's counterclaim must be dismissed.

First, V&M argues that, at heart, AHF's SCUTPA claim is a disguised claim for breach of contract. (Dkt. No. 110-1 at 4). V&M argues that, as such, the claim must be dismissed under *Ardis v. Cox*, 314 S.C. 512 (App. 1993). In opposition, AHF does not contest this point. Instead, AHF asserts that V&M's argument that AHF's counterclaim should be dismissed because "it relates to a 'mere breach of contract' ignores the fact that the Contract . . . was for services for . . . a federally-financed project" and thus impacts the public interest. (Dkt. No. 120 at 3).

The Court finds that AHF's counterclaim for violation of SCUTPA must be dismissed as it is merely a claim for breach of contract. As V&M argues, and as AHF does not substantively contest, the gravamen of AHF's counterclaim is that V&M failed to perform under its contract with Owner, (Dkt. No. 102 ¶ 54), and that, when V&M attempted to collection monies purportedly owed under this contract from AHF through a bill collector, AHF was harmed. This does not suffice to state a SCUTPA claim. *See Ardis*, 314 S.C. at 519 ("A deliberate or intentional breach of a valid contract, without more, does not constitute a violation of the SCUTPA. Otherwise, every intentional breach of a contract within a commercial setting would constitute an unfair trade practice and thereby subject the breaching party to treble damages.") (internal citation omitted).

Second and last, V&M argues, and the Court further finds, that AHF has failed to plead an impact on the public interest. Here, even viewing the facts in a light most favorable to it, AHF pleads no facts showing V&M acted similarly in the past nor does AHF plead non-conclusory factual matter showing V&M's allegedly wrongful acts were the result of "specific procedures or

business practices that create the potential for repetition." *See Machinery Solutions, Inc. v. Doosan Corp.*, No. 3:15-cv-03447, 2016 WL 2756429, at *3 (D.S.C. May 12, 2016) (dismissing SCUTPA claim in at-will distributor context and noting that "[a]bsent specific facts, a plaintiff is merely offering a speculative claim about adverse public impact"); *Companion Prop. & Cas. Ins. Co. v. U.S. Bank Nat'l Ass'n*, No. 3:15-cv-01300-JMC, 2015 WL 7568613, at *9 (D.S.C. Nov. 24, 2015) ("The fact that an alleged misconduct occurred is not sufficient to establish that the misconduct amounts to a procedure or business practice."); *Id.* ("Moreover, the mere proof that the actor is still alive and engaged in the same business is not sufficient to establish this element.") (internal quotation marks omitted).

### IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** V&M's motion to dismiss amended counterclaim of Atlantic Housing Foundation, Inc. (Dkt. No. 110).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

December 6, 2021
Charleston, South Carolina